Janet M. Herold
Regional Solicitor
Daniel J. Chasek
Associate Regional Solicitor
**Susan Seletsky**, Attorney (CSBN #176106)
Office of the Solicitor (Sol #1219917)
United States Department of Labor
350 So. Figueroa St., Suite 370
Los Angeles, California 90071-1202
Telephone: (213) 894-4983
Facsimile:  (213) 894-2064
seletsky.susan@dol.gov

JS-6

Attorneys for the Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **HILDA L. SOLIS**,<br>    Secretary of Labor,<br>    United States Department of Labor,<br><br>                    Plaintiff,<br><br>            v.<br><br>**POPSY CORPORATION doing business as**<br>**F&X Fashion and doing business as Memuse,**<br><br>                    Defendant. | Case No.: CV 12-07939 R (FMOx)<br><br><br><br><br>**CONSENT JUDGMENT** |

Plaintiff Hilda L. Solis, Secretary of Labor, United States Department of Labor ("Secretary"), and Defendant Popsy Corporation doing business as F & X and Memuse, a California corporation ("Defendant"), have agreed to resolve the matters in controversy in this civil action and consent to the entry of this Judgment in accordance herewith:

A.    The Secretary has filed a Complaint alleging that the Defendant violated provisions of Sections 15(a)(1), 29 U.S.C. § 215(a)(1) of the Fair Labor Standards Act of 1938, as amended ("FLSA");

B.    The Defendant has appeared by counsel and acknowledges receipt of a copy of the Secretary's Complaint;

C.     The Defendant waives issuance and service of process and waives answer and any defenses to the Secretary's Complaint;

D.     The Secretary and Defendant waive Findings of Fact and Conclusions of Law, and agree to the entry of this Consent Judgment in settlement of this action, without further contest;

E.     The Defendant admits that the Court has jurisdiction over the parties and subject matter of this civil action and that venue lies in the Central District of California.

It is therefore, upon motion of the attorneys for the Secretary, and for cause shown,

ORDERED, ADJUDGED, AND DECREED that the Defendant, its officers, agents, servants, and employees and those persons in active concert or participation with it who receive actual notice of this order (by personal service or otherwise) be, and they hereby are, permanently enjoined and restrained from violating the provisions of Section 15(a)(1), 29 U.S.C. § 215(a)(1) of the Fair Labor Standards Act of 1938, as amended ("FLSA"), in any of the following manners:

1)     Defendant shall not, contrary to FLSA § 15(a)(1), 29 U.S.C. § 215(a)(1), transport, offer for transportation, ship, deliver, or sell in commerce (or ship, deliver, or sell with knowledge or reason to believe that shipment, delivery, or sale in commerce is intended) goods in the production of which any employee (of the Defendant or other(s)) has been employed in violation of the FLSA's minimum wage (29 U.S.C. § 206) or overtime pay provisions (29 U.S.C. § 207);

2)     Defendant shall not fail to disgorge, from the gross proceeds of its having sold or shipped in commerce goods that had been worked on by employees of Joy Always, Inc. who were not paid the minimum wage and overtime required by the FLSA, 29 U.S.C. §§ 206 and 207, an amount sufficient to cover the back wages due to these employees under the FLSA.  The amount hereby found due to these employees is $5,557.22 for the period from May 14, 2012 through August 7, 2012.

3)     Defendant shall not fail to disgorge, from the gross proceeds of its having

**Consent Judgment** (Sol #1219917)                                                      **Page  2 of 18**

sold or shipped in commerce goods that had been worked on by employees of J & S Clothing, Inc. who were not paid the minimum wage and overtime required by the FLSA, 29 U.S.C. §§ 206 and 207, an amount sufficient to cover the back wages due to these employees under the FLSA.  The amount hereby found due to these employees is $ 9,586.59 for the period from March 12, 2012 through August 7, 2012.

4)      Defendant shall not fail to disgorge, from the gross proceeds of its having sold or shipped in commerce goods that had been worked on by employees of CUI Sewing, Inc. who were not paid the minimum wage and overtime required by the FLSA, 29 U.S.C. §§ 206 and 207, an amount sufficient to cover the back wages due to these employees under the FLSA.  The amount hereby found due to these employees is $ 7,655.65 for the period from May 14, 2012 through August 7, 2012.

The names of the employees to whom backwages are owed, and the gross backwage amount due to each is set forth on the attached Exhibit 1.  To satisfy the monetary provisions of this Judgment, Defendant has supplied to the Department of Labor individual cashier's checks made payable to the employees named in the attached Exhibit 1. The Secretary shall allocate and distribute the remittances to the persons named in the attached Exhibit 1 or to their estates if that be necessary, in her sole discretion, and any money not so paid within a period of three years from the date of its receipt, because of an inability to locate the proper persons or because of their refusal to accept it, shall be deposited by the Secretary in a special deposit account for payment to the proper persons and upon such inability to pay within 3 years, shall then be deposited in the Treasury of the United States, as miscellaneous receipts, pursuant to 29 U.S.C. § 216(c);

5)      Within 30 days of the entry of this Judgment, Defendant shall hire an independent third party monitor, acceptable to the Secretary, to monitor all of its sewing, cutting, finishing, trimming and printing contractors (hereafter "contractor(s)") to enforce the contractors' compliance with the FLSA.   The monitor shall not be considered independent if it represents either the manufacturer or contractor involved in this action in any dealings with other parties or the Department of Labor.

The monitoring program shall include the following components:

A.   Random and unannounced site visits to the contractor, at least on a quarterly basis;

B.   Review of the contractor's timecards and payroll records on at least a quarterly basis;

C.   Private and confidential interviews of at least 20% of the current employees to determine the hours they work and the wages they are paid.  The names of the employees who are interviewed shall not be disclosed to the employer. At least one half of the interviews shall be done off work premises;

D.   Disclosure to the contractor and Defendant of any FLSA compliance issues revealed by the monitoring without revealing the names of employees who provided the information;

E.   Review of the contractor's garment registration to determine if the contractor is operating under a valid garment registration;

F.   The Defendant shall not take any adverse action against any employee who cooperates with the monitor or who provides information about violations of the FLSA.

The monitor shall produce written reports of its findings which must address each of the subjects required under this paragraph.  Defendant shall maintain these reports for a period of three years and supply copies to representatives of the Secretary of Labor upon their request.

6)   Where the monitor identifies FLSA violations, Defendant shall ensure that such violations are corrected within ten business days, including calculation and payment to employees of any backwages owed.  Defendant shall notify the Department of Labor when such violations are found and the corrective measures taken.  The monitor shall be able to access the contractor's bond (see paragraph 8, set forth below) if necessary.

7)   On at least a quarterly basis, Defendant shall conduct a pricing analysis of a

**Consent Judgment** (Sol #1219917)                                                          **Page  4 of 18**

representative sample of garments produced at each contractor's shop to determine whether the fees it pays to its contractors for their work on Defendant's goods are sufficient in light of the wage requirements of the FLSA.  The pricing analysis shall be conducted using the pricing template attached as Exhibit 2.  This analysis may be done by the monitor, Defendant or an independent party.   Defendant must incorporate the results of this pricing analysis into the rates it pays to its contractors.   Defendant shall maintain documentation of these analyses and the measures it took as a result of these analyses for a period of three years and provide it to representatives of the Secretary of Labor upon their request;

8)   Defendant shall require all contractors with whom it does business, who are subject to the garment registration requirements of the State of California, to maintain a valid garment registration.  Defendant shall not do business with any garment contractor without a valid registration;

9)   Defendant shall require the following of all sewing contractors with whom it does business:

A.  To produce copies of the contractors' time and payroll records to the Defendant no later than one month after the period worked as reflected on the records; i.e., the contractor must submit the records for workweek ending 9/01/12 no later than 10/01/12;

B. To obtain a bond in the amount of $30,000 or one month's payroll, whichever is more.  The bond must be available to pay backwages to employees in the event violations are discovered by the Defendant, the monitor, or the Department of Labor.  The contractor must maintain this bond throughout the duration of its work for the Defendant.

Within 60 days of entry of this Judgment, Defendant shall not work with any sewing contractor who has not obtained the bond required under this provision.

10)   Defendant shall discuss the following subjects with the owner or top man-

agement official of all contractors with whom it does business in order to assess the contractor's willingness and ability to understand and comply with the FLSA prior to entering into any agreement with the contractor for its services and on a quarterly basis thereafter.  Defendant shall maintain for a period of three years documentation showing that these subjects have been discussed and produce this documentation to representatives of the Secretary of Labor upon their request:

> A.   The terms of the FLSA, including the contractor's obligation to pay minimum wage and overtime and maintain accurate records of the hours worked by and wages paid to its employees;

> B.   How to calculate overtime when employees are paid on a piece rate basis.  The attached Exhibit 3 contains examples of minimum wage and overtime calculations;

> C.   Whether the proposed price terms are such that the contractor will be able to comply with the FLSA's minimum wage and overtime requirements;

> D.   The contractor's willingness and ability, in light of the contractor's prior compliance history, involvement in the industry and financial resources, to understand and comply with the FLSA;

> E.   The contractor's obligation to inform Defendant immediately whenever the contractor is unable to meet any requirement of the FLSA;

> F.   The results of the monitoring and pricing analyses;

> G.   The contractor's obligation to maintain true and accurate payroll records, and records of hours worked by all persons who work on goods produced for the Defendant;

> H.   Defendant must notify its contractors that it shall not conduct business with any contractor who is unwilling or unable to comply with the FLSA and the terms of this Judgment.

Defendant shall supply copies of the documentation required by this paragraph to representatives of the Secretary of Labor upon their request;

11)     Defendant shall maintain for a period of three years copies of all cutting tickets issued to their sewing contractors and supply copies of these records to representatives of the Secretary of Labor upon their request;

12)     Defendant shall maintain records of all shipments made to retailers for at least three years from the date the shipment was made and supply copies of these records to representatives of the Secretary of Labor upon their request;

13)     Defendant shall supply all of its contractors with copies of the attached Exhibit 4, which summarizes terms of this Judgment and the employees' rights under the FLSA.  The English, Spanish and Korean versions are attached.   Defendant shall ensure that its contractors distribute a copy of Exhibit 4 to each of their current employees within 30 days of entry of this Judgment, in the employees' native languages, provide copies to all new hires, and post a copy at each of its contractor's establishments

14)     Defendant shall maintain records of all complaints it receives from employees of its contractors and produce them to representatives of the Secretary of Labor upon their request; and it is further

ORDERED that each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding, including but not limited to attorneys' fees, which may be available under the Equal Access to Justice Act, as amended; and, it is further

ORDERED that this Court retains jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment.


Dated: Oct. 25, 2012          _____

                                          U.S. DISTRICT COURT JUDGE

For the Defendant:

The Defendant hereby appears, waives any defense herein, consents to the entry of this Judgment, and waives notice by the Clerk of Court:

By: _____          _____
                                                            Date

Its: _____

Attorneys for the Defendant

LAW OFFICES OF ELLIOTT KIM

_____          _____
MR. HAEWON KIM                          Date
Law Offices of Elliott Kim
3550 Wilshire Boulevard, Ste. 730
LA, CA  90010

For the Plaintiff:

M. PATRICIA SMITH
Solicitor of Labor

JANET M. HEROLD
Regional Solicitor

DANIEL J. CHASEK
Associate Regional Solicitor

_____          _____
SUSAN SELETSKY, Attorney               Date
Attorneys for the Plaintiff
U.S. Department of Labor

1

2

Exhibit 1

3

| Last Name | First Name | Gross Due |
|-----------|-----------|-----------|
| Aguilar | Hermelinda | $190.16 |
| Ajiatas | Crecencia | $160.41 |
| Alcaide | Teresa | $192.32 |
| Alvarado | Carlos | $80.73 |
| Alvarez | Edgar | $298.07 |
| Alvaro | Javier | $369.31 |
| Arcos | Pedro | $514.05 |
| Atum | Carlos | $252.16 |
| Banera | Bertha | $437.96 |
| Benedith | Luis | $313.20 |
| Cano | Arturo | $657.77 |
| Carlas | Guillermina | $1,277.38 |
| Cha | Claudia | $580.81 |
| Chay | Fransisco | $610.66 |
| Chay | Micaela | $313.20 |
| Flores | Fidelina | $1,294.91 |
| Garcia | Eduardo | $289.07 |
| Garcia | Hector | $162.14 |
| Garcia | Juan | $262.32 |
| Garcia | Jose | $313.20 |
| Gonzales | Daniel | $560.64 |
| Gonzales | Hermilo | $302.92 |
| Gonzales | Maria | $262.71 |
| Gonzales | Mario | $313.20 |

| | | |
|---|---|---|
| Gonzalez | Oseas | $313.20 |
| Gonzalez | Victor | $313.20 |
| Hernandez | Lorenzo | $116.64 |
| Hernandez | Juan | $281.24 |
| Hernandez | Antonio | $313.20 |
| Hernandez | Elmer | $168.65 |
| Hernandez | Estel | $313.20 |
| Hernandez | Oscar | $313.20 |
| Hernandez | Rosa | $313.20 |
| Hernandez | Rubelino | $313.20 |
| Hernandez | Santos | $313.20 |
| Herrera | Bertoldo | $24.09 |
| Hilaria | Isabel | $444.35 |
| Huinac | Maximo | $313.20 |
| Isabel | Veronica | $24.09 |
| Jose | Santos | $291.98 |
| Jr. | Andres | $114.77 |
| Juan | Marco | $429.01 |
| Lopez | Antonio | $90.08 |
| Lopez | Domingo | $313.20 |
| Luna | Fabiola | $313.20 |
| Martinez | Teresa | $291.40 |
| Maza | Norma | $313.20 |
| Mendez | Lucia | $215.55 |
| Morales | Estela | $239.96 |
| Ocampo | Karina | $365.03 |
| Orosco | Edilmar | $131.34 |

| Ortiz | Blanca | $120.46 |
| Oxlaj | Maurisio | $313.20 |
| Paxtor | Alberto | $313.20 |
| Paz | Celso | $366.28 |
| Perez | Alex | $201.05 |
| Perez | Sandra | $313.20 |
| Ramirez | Magdalena | $176.49 |
| Rivas | Maria | $109.50 |
| Sacpun | Edgar | $589.16 |
| Sanchez | Isabel | $15.00 |
| Saquich | Juan | $313.20 |
| Solano | Antonio | $370.66 |
| Tecum | Maria | $243.20 |
| Vasquez | Aroldo | $733.86 |
| Vasquez | Maria | $565.62 |
| Vasquez | Pedro | $313.20 |
| Vasquez | Rosaria | $313.20 |
| Ventura | Laura | $120.00 |
| Zetina | Luis | $313.20 |

Exhibit 2

| | Garment Pricing Template | | | | |
|---|---|---|---|---|---|
| **Current State Minimum Wage** | | | | | |
| $8.00 | | | | | |
| **Garment Type** | | | | | |
| Insert Garment Type for whole garments. Add a description if only partial production or finishing to describe the task. | | | | | |
| | **Minutes and Seconds 1st Attempt** | **Minutes and Seconds 2nd Attempt** | **Minutes and Seconds 3rd Attempt** | **Average Minutes** | |
| Start by having an average skilled worker produce one piece (or portion thereof) from the purchase order timing it with a stopwatch three times. Record the results to your right. If one of the attempts yields an extremely different result then disregard that attempt and make another sample. Finally, in the 4th column to the right add up the minutes and seconds for each attempt and divide by 3 to arrive at the Average Minutes to produce a garment in whole or part as required by the purchase order. | 16.5 | 14.5 | 14 | 15 | |
| | | | | **Pieces Per Hour One Worker** | |
| Determine how many garments can be produced in one hour by dividing 60 minutes by the average number of minutes to produce a garment. | | | | 4 | |
| | | | | **Labor Cost Per Garment Minimum Wage No Taxes or Insurance** | |
| Divide the state minimum wage of $8/hr by the number of garments that a worker can produce in one hour to determine the minimum wage labor cost. | | | | $2.00 | |
| | | | | **Labor Cost Plus Taxes and Workers Compensation and Unemployment** | |

**Consent Judgment** (Sol #1219917)                    **Page  12 of 18**

| | | | | |
|---|---|---|---|---|
| Estimated cost of workers compensation insurance, unemployment insurance and employer FICA is 30% | | | | $2.60 |
| | | | | **Pieces Per Day One Worker** |
| Mutiply the pieces per hour for one gament worker by 8 to determine how many pieces one worker can produce in one day. | | | | 32 |
| | | | | **Worker Fatigue** |
| The number of pieces per day per worker will be reduced by 10% to reflect 90% efficiency accounting for worker fatigue. | | | | 28.8 |
| | | | | **The Number of Workers Assigned to Produce this Item** |
| Input the number of workers | | | | 20 |
| | | | | **Pieces Per Shop One Day** |
| Multiply the number of garments produced by one worker per day by the number of workers producing that garment to estimate daily production. | | | | 576 |
| | | | | **Total Pieces Required by Purchase Order** |
| Enter the number of pieces per purchase order | | | | 3000 |
| | | | | **Labor Cost Per Job Minimum Wage** |
| Multiply the total number of pieces required by the Labor Cost Per Garment with taxes and insurance | | | | $7,800.00 |
| | | | | **Number of 8 Hour Days to Finish the Order** |
| Divide the total number of pieces required by the purchase order by the total pieces your shop can produce in one 8 hour day. | | | | 5.21 |
| | | | | **Number of Days You Have to Produce the Order** |
| If this number is less than the number of 8 hour days you must factor in overtime. See the next row below for OT costs. | | | | 4 |

| | | | | Number of Garments Subject to Overtime |
|---|---|---|---|---|
| Subtract the number of days you have to produce the order from the number of 8 hour days you have to produce the order. Next multiply that number or fraction of a day by the number of garment you can produce as a shop in one 8 hour day. | | | | 696.00 |
| | | | | Labor Cost Per Job Overtime |
| Mulitply the Labor Cost Plus Taxes, Workers Comp and Unemployment by 1.5. Next multiply this product by the Number of Garments Subject to Overtime to arrive at the total overtime cost. | | | | $2,714.40 |

| | Monthly Operating Costs | | | |
|---|---|---|---|---|
| | Equipment and Supplies | Rent or Mortgage | Utilities | Average Monthly Costs |
| Add the total operating costs and divide by 30 to arrive at the Average Monthly Costs | $650.00 | $2,500.00 | $300.00 | $115.00 |
| | | | | Operating Cost Per Job |
| Multiply the Average Monthly Cost by the number of days you have to produce the order and then divide product by the number of days in the month to compute the operating cost per job. | | | | $460.00 |
| | | | | Total Actual Cost for Job |
| The total cost for the job is determined by adding the minimum wage labor cost to the overtime labor cost and adding on the operating cost per job. | | | | $10,974.40 |

**Consent Judgment** (Sol #1219917)          **Page 14 of 18**

<u>Exhibit 3</u>

Computing minimum wage and overtime on piecework:

**Example 1:**

Employee A produced $200 in piecework and worked 40 hours

$200 / 40 hours = $5.00 per hour

Difference = $7.25 - $5.00 = $2.25 per hour (underpaid)

***$2.25 per hour x 40 hours = $90.00 minimum wage due***

**Example 2:**

Employee B produced $425.00 in piecework and worked 50 hours

$425 / 50 hours = $8.50 per hour

$8.50 per hour x 0.5 (half time) = $4.25 per hour due for OT hours

***$4.25 x 10 hours = $42.50 in overtime premium due***

**Example 3:**

Employee C produced $365.00 in piecework and worked 50 hours

$365 / 50 hours = $7.30 per hour

Difference in Reg. Rate = $8.00 (State minimum wage) - $7.30 = $.70 per hour

$.70 x 50 hours = $35.00 in regular rate due

$8.00 x 0.5 (half time) x 10 hours of OT = $40.00 in overtime premium due

**Total Due: $35.00 in regular rate and $40.00 in overtime premium - $75.00**

Exhibit 4

## LEGAL NOTICE TO ALL EMPLOYEES

The **Fair Labor Standards Act** provides that all employees must be paid **minimum wage** for all hours worked.  In addition, employees must be paid **overtime**, at a rate of time and one half their regular rate, for the hours they work over 40 in a workweek.  All employees, whether they are paid **hourly** or on a **piece rate** basis are entitled to an overtime premium when they work over 40 hours.

To resolve a lawsuit brought by the **Department of Labor**, the **United States District Court** entered an Order forbidding **Popsy Corporation**, a garment manufacturer, from shipping goods sewn for its labels on which employees were not paid the minimum wage or overtime required by the **Fair Labor Standards Act**.

**Popsy wants to know if you are not being paid in accordance with the law.**   All employees who work in this establishment can help **Popsy** not to violate the Court's Order.   You can call the U.S. Department of Labor, Wage and Hour Division, at (213) 894-6375 or **Popsy at  (213) 747-3870.** Your name will not be disclosed.

**Consent Judgment** (Sol #1219917)                                    **Page  16 of 18**

## NOTICIA LEGAL A TODOS LOS EMPLEADOS

La Ley de Normas Razonables de Trabajo determina que se les debe pagar a todos los empleados el sueldo mínimo por todas las horas que ellos trabajen.  A la vez, también estipula que cada empleado que trabaje sobre tiempo, más de 40 horas en una semana laboral, se les deberá pagar a tiempo y medio de lo que ganen por cada hora de sobre tiempo trabajada.  Todos los empleados, independientemente de que se les pague por hora o por pieza, tienen derecho a que se les pague prima sobre tiempo cuando trabajan más de 40 horas en una semana laboral.

Para resolver una demanda laboral iniciada por el Departamento Del Trabajo, la corte del Distrito de los Estados Unidos expidió una orden que prohíbe a Popsy Corporation, una fábrica de ropa, de enviar la producción de etiquetas a sus distribuidores si en la fabricación de dichos productos no se les pago a los empleados el sueldo mínimo o el sobre tiempo requerido por la Ley de Norma Razonables de Trabajo.

Popsy quiere saber si no se les esta pagando adecuadamente a fin de cumplir con la orden de la Corte.  Si usted piensa que no se le pago de acuerdo a lo que la ley indica, por favor llama al Departamento del Trabajo de los Estados Unidos, División de Horas y Salarios al (213) 894-6375 o a Popsy al número (213) 747-3870.  Su nombre se mantendrá confidencial.

1
2
3
4                          .
5
6              ,          40                              1.5
7  (              )                        .
8
9              40                    ,
10                                          .
11
12
13
14              **Popsy Corporation**                    .
15
16                          **Popsy**
17                              .
18
19
20  **Popsy**, (213) 747-3870              .
21
22        ,          ,              (213) 894-6375            .
23
24                  .
25
26
27
28